**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>George Stanley</u>

    **v.**　　　　　　　　　　　　　　　Case No. 09-cv-52-PB

<u>Gerald Landers, Jason Jordanhazy
and Donald Goodnow</u>

**O R D E R**

Jason Jordanhazy and Donald Goodnow have filed a motion to dismiss George Stanley's supervisory liability claims against them.

Stanley complains that Gerald Landers, a security guard at the Berlin District Court, began harassing him in 2006. The harassment continued on multiple unspecified occasions and culminated in three specific incidents that form the basis of Stanley's claims. On October 29, 2008, Landers confronted Stanley in the lobby of the Berlin District Court while Stanley was attempting to make a call to complain about Landers and threatened him, beat him, tore his clothing, and falsely arrested him. During another confrontation on January 15, 2009, Stanley claims that Landers threatened him. Finally, on January 22, 2009, Landers told Stanley to stop whispering to litigants and

threatened to eject him from the courthouse. Stanley claims that Landers responded with harassment of an unspecified nature after he complained about Landers' misconduct.

Stanley claims that Jordanhazy and Goodnow are liable for Landers' alleged constitutional violations based on a supervisory liability theory. He asserts that both defendants are liable because they failed to properly train Landers and because they acquiesced in his misconduct by failing to properly investigate complaints that Stanley made about Landers on December 1, 2008, and on unspecified dates in January 2009.

Stanley has failed to support his failure-to-train claim with anything more than a conclusory assertion that Landers was not adequately trained. Such allegations are not sufficient to survive a motion to dismiss after Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Accordingly, any allegations of supervisory liability based on a failure to train Landers are dismissed.

Stanley does provide specific allegations to support his failure-to-investigate theory. The facts he pleads, however, do not support supervisory liability on this basis. Stanley complains that Landers began harassing him in 2006, but he does not allege that he complained about the harassment until December

1, 2008, well after the October 29, 2008 incident on which his complaint is principally based. Defendants cannot be held liable as supervisors for a failure to properly investigate after a constitutional violation occurs. Accordingly, Stanley's supervisory liability claims are dismissed.

Defendants' motion to dismiss (Doc. No. 12) is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

November 9, 2009

cc: George Stanley, pro se
    Nancy J. Smith, Esq.